**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MATTHEW BALL,**

            **Plaintiff,**

**-vs-**                             **Case No. 6:08-cv-540-Orl-31GJK**

**IFO, INC., d/b/a Invisible Fence of Orlando,**

            **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, IFO, INC. (Doc. No. 16)**
>
> **FILED:** October 8, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

**I.    BACKGROUND**

On April 10, 2008, Matthew Ball (the "Plaintiff") filed a complaint (the "Complaint") against IFO, Inc., and Ray Gatz (the "Defendant") for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA" or the "Act"). Doc. No. 1.[1] Specifically, Plaintiff alleges that Defendant failed to compensate Plaintiff at a rate not less than one and one-half

---
[1] On August 7, 2008, Plaintiff voluntarily dismissed Ray Gatz as a party defendant in this case. Doc. No. 12.

times Plaintiff's regular rate of pay for hours worked in excess of forty (40) hours per week. Doc. No. 1 at ¶ 11. After being properly served on April 16, 2008 (Doc. No. 6), the Defendant did not respond to the Complaint. On May 19, 2008 and pursuant to Rule 55(a), Federal Rules of Civil Procedure, the Clerk entered default against the Defendants. Doc. Nos. 7, 8. On October 8, 2008, the Plaintiff filed the instant Motion for Entry of Default Final Judgment Against Defendant (the "Motion"). Doc. No. 16. Pursuant to Local Rule 1.07(b), the Motion is timely.[2] The Defendant failed to file any opposition to the Motion. The Motion is presently before the Court.

## II. THE LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id.* Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id.* Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

---

[2] On August 22, 2008, Plaintiff was granted a forty-five day extension of time to file a motion for default judgment. Doc. No. 15.

*Id.* A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

## III. APPLICATION

### A. Wages

In his affidavit, Plaintiff states that he was employed by the Defendant from June 25, 2007 through October 1, 2007 (fourteen (14) weeks), as a fence installer. Doc. No. 18-2 at ¶¶ 2-3. Pursuant to 29 U.S.C. § 207(a)(1),[3] Plaintiff was entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours during a work week. Plaintiff states in his affidavit that he was paid a regular salary of $450.00 per week for an average of sixty-five (65) hours per week. Doc. No. 18-2 at ¶ 5. Plaintiff states that he was paid an hourly rate of $6.92 and was paid his regular hourly rate for all hours worked, including the twenty-five (25) hours of average overtime worked per week (65 x $6.92 = $450.00). Doc. No. 18-2 at ¶ 7. Accordingly, because Plaintiff was paid straight time for all hours worked in excess of forty (40) hours per week, Plaintiff is claiming entitlement only to half time or $3.46 per hour for all hours worked in excess of forty hours per week ($6.92 / 2 = $3.46). *Id.* In his affidavit, Plaintiff calculates his damages as follows:

---

[3] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

> $3.46 half-time rate x 25 over-time hours per week = $86.54 owed per week. $86.54 x 14 weeks of employment = $1,211.56 in unpaid overtime plus $1.211.56 in liquidated damages = $2,423.12 total owed to Plaintiff.

*Id*. Therefore, Plaintiff's damage calculation for unpaid overtime owed is $1,211.56. Pursuant to 29 U.S.C. § 216(b), the Defendant is also liable for liquidated damages which equals the same amount as the unpaid overtime compensation. *Schmidlin*, 2008 WL 976158 at *2. Thus, Plaintiff also calculates an additional $1,211.56 for liquidated damages, for a damage total of $2,423.12. Doc. No. 18-2 at ¶ 7.

### B. Attorneys' Fees

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In support of the Motion, counsel for Plaintiff filed an affidavit attesting that the total fees equal $2,034.00 and the total costs equal $568.20. Doc. No. 18-3 ¶ ¶ 6-7. [4] Plaintiff's counsel attaches a time sheet (Doc. No. 18-3 at ¶ 7) and the cost ledger (Doc. No. 18-3 at ¶ 6) to his affidavit.[5]

### 1. Reasonable Hourly Rate

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In

---

[4] Plaintiff's counsel, K.E. Pantas, states that he spent 6.4 hours of time on the case at a rate of $300.00 per hour, and Bertha Alvarez, counsel's paralegal, spent 1.2 hours of time on the case at a rate of $95.00 per hour. *Id*.
[5] The time sheet itemizes the time spent by attorney Pantas and paralegal Alvarez, identifying the person who performed each service. *Id*.

determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

Plaintiff's counsel, K.E. Pantas, seeks a rate of $300.00 per hour for his services. Doc. No. 18-3 at ¶ 4. Mr. Pantas states the following in support of the rate sought:

> I have been a continuous member of the Florida bar since 1993. I have practiced extensively in the area of employment law since 2000 and have over fourteen years of litigation experience. I am also admitted to the Pennsylvania Bar (inactive member since 1994) and the Illinois Bar (2002) and the Untied States Court of Appeals for the Eleventh Circuit. In the past year, I have been attorney of record in the following appeals filed with the United State Court of Appeals for the Eleventh Circuit: *Sanford-Orlando Kennel Club,*

> *Inc. [et. al.] v. Israel Alvarez*, Case No. 06-15931-H; and, *Otis A. Jones v. K.W. Max Investments*, Case No. 07-10652; and, *Jasmine Taylor v. EPOC Clinic and James F. Pendergraft*, Case No. 06-15004-A. I am familiar with the rates charged by attorneys with similar experience in Central Florida. A reasonable hourly fee for a lawyer with similar experience and expertise is $300.00 per hour. I have previously been awarded $300.00 per hour by this Court in similar type claims. (*Ochoa v. Alie Bros., Inc.*, 2007 WL 3334332 (M.D. Fla. 2007); and, *Mavis Coes v. World Wide Revival Inc., et. al.*, Case No. 6:05-cv-563-Orl-DAB).

Doc. No. 18-3 at ¶ 4. After considering the Orlando market, the complexity of the work, Mr. Pantas's experience and fee awards in similar cases, the Court finds than an hourly rate of $300.00 for Mr. Pantas is reasonable and appropriate.

In regard to paralegal Bertha Alvarez, the affidavit states that she spent 1.2 hours of work on this case at a rate of $95.00 per hour. The affidavit states that Ms. Alvarez has been working as a trained paralegal for over four year, and she has previously been awarded an hourly rate of $95.00 in *Ochoa v. Alie Bros., Inc.*, 2007 WL 3334332 (M.D. Fla. 2007). Doc. No. 18-3 at 7. In *Ramirez v. Caribbean Food Market*, 2005 WL 2675006 (M.D. Fla. 2005), a similar FLSA case involving Mr. Pantas's firm, a different paralegal with roughly six years of experience was awarded a reasonable hourly rate of $95.00. *Id*. Therefore, the Court finds that the rate requested for Ms. Alvarez is reasonable.

    2.    **Reasonable Number of Hours**

Counsel submitted a detailed Time Sheet showing the work performed by Mr. Pantas and Ms. Alvarez in this case. Doc. No. 18-3 at ¶ 7. After reviewing the Time Sheet, the undersigned finds that the amount of time spent on the case was reasonable, but inaccurately calculated. The affidavit states that 7.60 hours of total time were spent on the case. *Id*. However, the total time

reflected on the Time Sheet is only 7.5 hours (1.0 + 0.5 + 0.2 + 0.3 + 0.2 + 0.6 + 0.2 + 0.2 + 0.1 + 0.4 + 0.2 + 0.3 + 0.2 + 0.2 + 0.2 + 0.2 + 0.4 + 0.2 + 0.3 + 0.2 + 0.7 + 0.7 = 7.5 hours). *Id.* The miscalculation is reflected in the hours of work spent on the case by Mr. Pantas. The affidavit states that Mr. Pantas spent 6.4 hours of work on the case. *Id.* However, the actual time set forth in the Time Sheet is only 6.3 hours of work (1.0 + .5 + .6 + .2 + .2 + .1 + .4 + .2 + .3 + .2 + .2 + .2 + .2 + .4 + .2 + .7 + .7 = 6.3 hours). *Id.* Accordingly, Pantas's hours should be reduced by .1 hour.

The total number of reasonable hours of work spent by counsel in this case is 6.3 hours. *Id.* At a reasonable hourly rate of $300.00 per hour, the total attorneys' fee award is $1,890.00 (6.3 x $300.00 = $1,890.00). Ms. Alvarez's total number of reasonable hours of work in this case is 1.2 hours. *Id.* At a reasonable hourly rate of $95.00 per hour, the fee award for Ms. Alvarez is $114.00 (1.2 x $95.00 = $114.00). The grand total attorneys' fee award is $2,004.00 ($1,890.00 + $114.00 = $2,004.00).

    **C.**    **Costs**

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id.* In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. Plaintiff seeks cost in the amount of $568.20 for the filing fee ($350.00), for the costs of service of process ($125.00), and Westlaw Research ($93.20). Doc. No. 18-3 at ¶ 6. The filing fee and the costs of service of process are allowable under the statutes, but costs for research are part of a lawyer's or a law firm's overhead and are covered under the fee award. *See American Safety*

*Casualty Insurance Company v. Robert Charles Enterprises, Inc.*, Case No. 8:06-cv-237-T-17TBM, 2008 WL 2477655 *3 (M.D. Fla. June 17, 2008). Thus, the undersigned finds the total costs award should be reduced by $93.20 ($568.20 - $93.20 = $475.00).

**THEREON** it is RECOMMENDED that:

1. Plaintiff's Motion (Doc. No. 16) be GRANTED in part;

2. The Court enter judgment for Plaintiff and against the Defendant in the following amounts:

    a. $1,211.56 in unpaid overtime compensation;

    b. $1,211.56 in liquidated damages;

    c. $2,004.00 in reasonable attorneys' fees;

    d. $475.00 in costs; and

3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on January 27, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record